1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RAHEEM AHMAD HANIF,

11            Plaintiff,                    No. 2:08-cv-2306 JFM (PC)

12        vs.

13    SOLANO COUNTY JAIL
      MEDICAL STAFF,

14

15            Defendants.              ORDER
      _____/

16            Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant

17    to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24    in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4  U.S.C. § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.

22  41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain

23  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.

25  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

2

1  v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting

2  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

3  court must accept as true the allegations of the complaint in question, Erickson, id., and construe

4  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5  (1974).

6         Plaintiff's complaint, filed September 30, 2008, contains the following

7  allegations.  Plaintiff has 17 year history of asthma, first diagnosed at the age of 8 years old.

8  Plaintiff was booked into the Solano County Jail on August 9, 2008, at which time he notified the

9  medical staff of his condition.  Plaintiff notified medical staff of his asthma again on August 19,

10  2008, and there is a record of his condition at the jail from prior bookings.  When plaintiff

11  suffered an asthma attack, he was told by medical staff that he needed to see a doctor to get an

12  inhaler prescribed.  He wrote a request to see a doctor, but was not seen.  He filed a grievance.

13  The response to his grievance was that he had no complaints of asthma and to contact a nurse if

14  he had an attack.  He had another attack, asked for a nurse and was again told that he didn't have

15  a prescribed inhaler and would need to see a doctor.  Plaintiff is suffering back pains and

16  headaches from constant wheezing.  In addition, on April 22, 2008, plaintiff was given a

17  tuberculosis shot.  During the shot, the vaccine squirted in his eye.  Plaintiff was told it would

18  clear up, but the peripheral vision in his left eye is still blurry.  Plaintiff seeks injunctive relief

19  and money damages.

20         Plaintiff names as defendants the Solano County Jail Medical Staff.  Although the

21  nature of plaintiff's claims are clear, he must name specific individual defendants who have

22  caused or contributed to the alleged violation of plaintiff's constitutional rights.  For that reason,

23  plaintiff's complaint will be dismissed.  The court will, however, grant leave to file an amended

24  complaint.

25         If plaintiff chooses to amend the complaint, plaintiff must identify specific

26  individuals who have caused or contributed to the inadequate medical care alleged in the

3

1   complaint, and the amended complaint must allege in specific terms how each named defendant

2   is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

3   link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode,

4   423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

5   F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

6   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

7   268 (9th Cir. 1982).

8              In addition, plaintiff is informed that the court cannot refer to a prior pleading in

9   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

10  amended complaint be complete in itself without reference to any prior pleading.  This is

11  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

12  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

13  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

14  original complaint, each claim and the involvement of each defendant must be sufficiently

15  alleged.

16             Given the serious nature of plaintiff's allegations concerning the alleged lack of

17  proper treatment for his asthma, the court will direct the Clerk of the Court to send a copy of

18  plaintiff's original complaint, together with a copy of this order, to the Sheriff of Solano County,

19  and will direct the Sheriff to file, within ten days, a report on the status of plaintiff's access to

20  medical care for his alleged asthma.  The Sheriff shall include with the report a copy of all of

21  plaintiff's jail inmate medical records from all periods during which plaintiff has been

22  incarcerated at the Solano County Jail.

23             In accordance with the above, IT IS HEREBY ORDERED that:

24             1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

1  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

2  Sheriff of Solano County filed concurrently herewith.

3           3.  Plaintiff's complaint is dismissed.

4           4.  Within thirty days from the date of this order, plaintiff shall complete the

5  attached Notice of Amendment and submit the following documents to the court:

6                a.  The completed Notice of Amendment; and

7                b.  An original and one copy of the Amended Complaint.

8  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

9  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

10  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

11  file an amended complaint in accordance with this order will result in a recommendation that this

12  action be dismissed.

13           5.  The Clerk of the Court to send a copy of plaintiff's original complaint, together

14  with a copy of this order, to the Sheriff of Solano County, attention: Lieutenant Mashburn, 530

15  Union Avenue, Fairfield, California 94533.

16           6.  Within ten days from the date of this order the Sheriff of Solano County shall

17  file a report on the status of plaintiff's access to medical care for his alleged asthma.  The Sheriff

18  shall include with the report a copy of all of plaintiff's jail inmate medical records from all

19  periods during which plaintiff has been incarcerated at the Solano County Jail.

20  DATED: October 28, 2008.

21

22

23  UNITED STATES MAGISTRATE JUDGE

24  12
    hani2306.14

25

26

1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAHEEM AHMAD HANIF

11          Plaintiff,                    No. 2:08-cv-2360 JFM (PC)

12     vs.

13   SOLANO COUNTY JAIL
     MEDICAL STAFF,                       NOTICE OF AMENDMENT
14
            Defendants.
15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____          Amended Complaint

19   DATED:

20

21

22

23                                        _____
                                          Plaintiff

24

25

26

6